## A. B. SMITH VS. J. M. GILL.

1. CHANCERY PRACTICE: *Bill in equity. Vague allegations. Demurrer.*
   The complainant's bill must allege distinctly, clearly, and with certainty, the complainant's case as he intends to prove it. The defendant is entitled to have a distinct showing by the bill of what complainant relies on to charge him. It is not sufficient to aver in vague and general terms that defendant is liable, and that he is entitled to a decree, but he must precisely and distinctly

charge the facts on which he relies, so that the defendant may see what they are, and either admit or deny them, or deny their legal sufficiency to charge him.

APPEAL from the Chancery Court of *Scott* County.

Hon. T. R. McGOWAN, Chancellor.

The facts in this case are fully stated in the opinion of the court.

The error assigned is the overruling of the defendant's demurrer to complainant's bill.

*G. L. Potter*, for appellant:

Insisted that the demurrer should have been sustained that the bill is vague and uncertain. Commented on the allegations of the bill, and cited, Story on Par., § 286, 287, 288 ; Story's Eq. Pl., § 255, 259 ; East India Co. *v.* Henchman, 1 Ves., jr., 287, 288 ; Story's Eq. Pl., § 243.

*T. B. Johnson* and *J. L. McKaskill*, for appellee.

[The reporters find no brief for appellee on file.]

CAMPBELL, J., delivered the opinion of the court.

Gill exhibited his bill against Smith, alleging that during January, 1867, he formed a partnership with defendant, in the business of running a steam propeller in Pearl river, and that by the terms of the partnership each was to put in an equal amount of capital, and share equally in the profit and loss of the business, and this was for an indefinite time. The partnership continued for a year, during which the steam propeller did but a small business ; the proceeds were not sufficient to defray expenses, and after several disasters the propeller sunk in the river, and complainant employed thirty hands and incurred great expense in raising the propeller and putting it in running order, and he afterwards requested defendant to defray his part of the expenses, and he refused. There were many other expenses of running said propeller, which complainant paid, and besides this, by the agreement of partnership, he was to have the entire management of the steam propeller, and was to be paid $70 a month as his salary as commander, and he

served as such for three months, and neither that salary nor any part of the expenses has been paid by defendant, who yet will not consent to a settlement and dissolution of said partnership. The prayer is for dissolution and account. The bill was demurred to for vagueness, indefiniteness, and uncertainty in the statement of the cause of complaint.

This demurrer was overruled, and the decree appealed from. The demurrer should have been sustained. The facts all lie peculiarly within the knowledge of complainant, and most of them, probably, exclusively as between him and defendant, and yet he fails to state the facts of his case except in the most general and indefinite manner. It is not complained that defendant did not put in his share of the capital stock of the partnership, but the complaint is that defendant refused to defray his part of the expenses and complainant's salary as commander, and there is no averment of the particulars or the aggregate of these expenses. There is no showing of the receipts by complainant from the limited business of the propeller. The only precise and definite statement of the bill as to the facts of his complaint is that the amount due complainant for three months' salary as "commander" of the propeller has not been paid by the defendant. Perhaps it has been paid and overpaid by receipts by complainant in the business of the propeller. True, he says the receipts were not sufficient to pay expenses. But what were the receipts, and what the expenses? The bill does not indicate, even in the most general manner. The bill should contain a statement of complainant's case as he intends to prove it. The defendant is entitled to have a distinct showing by the bill of what the complainant relies on to charge him. It is not allowable to complainant to aver in vague and general terms that defendant is liable to him, and that he is entitled to a decree against him, but he must precisely and distinctly charge the facts on which he relies to hold defendant accountable, so that defendant may see what they are, and either deny their legal sufficiency, or admit, or deny, or explain them, and so that, before defendant shall be required to answer,

he shall have complainant's statement of the facts of his case, and not be required to answer a merely vague and general allegation, and after his answer have to encounter, for the first time, either a new state of facts in an amended bill, or on a reference to a master for an account, or a state of case not presented by the bill, and operating as a surprise to the defendant.

The decree overruling the demurrer is reversed, and the demurrer sustained, but the case will be remanded to the chancery court with leave to complainant to amend his bill as he may be advised, in such time as the chancellor, on his application, may see proper to allow.